UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-62692-Dimitrouleas/Snow

LEANGELO KELLOM,

    Plaintiff,

v.

SOUTHERN WASTE SYSTEMS, LLC,
SOUTHERN WASTE SYSTEMS HOLDINGS, LP,

    Defendants.

_____/

## **DEFENDANTS' CORRECTED ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, SOUTHERN WASTE SYSTEMS, LLC and SOUTHERN WASTE SYSTEMS HOLDINGS, LP, hereby submits their answer and affirmative defenses to Plaintiff's Complaint, as follows:

1. Admitted that Plaintiff seeks such relief, denied that he is so entitled.

2. Admitted that this Court has jurisdiction. Denied as to remainder.

3. Admitted that Southern Waste Systems Holdings, LP is the parent corporation of Southern Waste Systems, LLC. Denied as to remainder.

4. Admitted.

5. Admitted.

6. Admitted for jurisdictional purposes only.

7. Denied.

8. Admitted that Southern Waste Systems, LLC ("SWS") provides waste management services to customers. Denied as to remainder.

9. Admitted as to SWS. Denied as to reminder.

10. Admitted as to SWS. Denied as to remainder.

11. Admitted for jurisdictional purposes only.

12. Admitted.

13. Admitted.

14. Admitted that the Plaintiff worked hours in excess of forty in a workweek. SWS paid Plaintiff for such work consistent with the FLSA and the regulations interpreting the FLSA.

15. Denied.

16. Denied.

17. Without knowledge and therefore denied.

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

This Defendant denies each allegation contained in the WHEREFORE clause and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**:   Plaintiff worked as a roll-off driver transporting recycled materials within interstate commerce. He was exempt from

the overtime provisions of the Fair Labor Standards Act pursuant to the Motor Carrier Act.  The FLSA's overtime provisions do **not** apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49, the Motor Carrier Act." 29 U.S.C. § 213(b)(1).  Plaintiff was regulated by the DOT, and is not covered by the FLSA.

**Second Affirmative Defense:**  SOUTHERN WASTE did not willfully and with intent deprive Plaintiff of any compensation owed to him under the provisions of the FLSA.  In classifying Plaintiff as exempt, SOUTHERN WASTE reasonably relied upon opinions of the Department of Labor, precedent before this Court including but not limited to the Court's ruling in Jones v. Southern Waste Systems, LLC, 08-60200-Civ-Hurley, Cruz v. Southern Waste Systems, LLC, 09-21756-Civ-Moreno, as well as the opinion of an expert in the area of Fair Labor Standards Act compliance.

**Third Affirmative Defense:**   Upon information and belief, all or part of the time for which Plaintiff seeks compensation in this action does not constitute compensable working time.

**Fourth Affirmative Defense:**

Plaintiff's claims, and those of any persons he purports to represent, are barred by the provisions of the Portal to Portal Act to the extent he claims any hours preliminary or postliminary to the job he was hired to perform.

Respectfully Submitted,

ROBYN S. HANKINS, P.L.
Attorney for Defendant
4600 Military Trail, Suite 217
Jupiter, FL 33458
Telephone: (561) 721-3890
Facsimile: (561) 721-3889
robyn@hankins-law.com


By:   s/Robyn S. Hankins
      ROBYN S. HANKINS
      Florida Bar No. 0008699

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2015 I electronically filed the Foregoing Document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Paul F. Penichet, Esq.
PENICHET LAW
9655 South Dixie Highway, Suite 310
Miami, FL 33156
Telephone: (305) 373-8809
Facsimile: (305) 373-8810
paul@penichetlaw.com

By:    */s Robyn S. Hankins*
       ROBYN S. HANKINS